Joseph A. Beard v. Mary Ross Pritchard.

Objections to the testimony of a witness, must be made on the trial in the lower court; it is too late to urge them, for the first time, after an appeal.

Prescription, like other exceptions, must be pleaded. It will not be noticed, when relied on only in the points or argument of counsel.

Appeal from the Parish Court of New Orleans, *Maurian*, J.

*Hamner*, for the plaintiff.

*Hornor*, for the appellant.

Simon, J. The defendant is appellant from a judgment which makes her liable for, and condemns her to pay the amount of an open account for work and services heretofore due to the partnership of Dakin & Dakin, subsequently transferred and assigned by their syndic to the plaintiff.

The only evidence upon which the judgment complained of was rendered, is the testimony of James Dakin, one of the firm fo Dakin & Dakin, who, according to the statement of facts

signed by the counsel on both sides, is admitted to have proved that the work was done as detailed in the account; that the prices affixed thereto were reasonable; that the signature of the syndic, Hill, to the transfer of the account from Dakin & Dakin to the plaintiff, is genuine; that the work done was done on the property of the defendant at the the time it was sodone; and that R. O. Pritchard was the agent of his wife in the matter. Hence it has been insisted that the only witness being a bankrupt, his testimony can benefit neither party; that he is incompetent to testify; and that his testimony is not the best evidence in the nature of the case.

Whatever objection the appellant might have had to the testimony of the witness Dakin, it was her duty to make it at the trial of the cause in the lower court, and it is now too late to urge those objections in the appellate court. The record contains no bill of exceptions; and nothing shows that the evidence was regularly objected to, when the witness was called to testify on behalf of the plaintiff. As the case stands, we are bound to consider the evidence as legally and regularly admitted, with the same effect as if the defendant had waived all objections thereto.

We cannot notice the exception of prescription, relied on by the defendant's counsel in his written arguments. The record does not contain any plea to that effect, and none has been filed in this court. Every exception which a party wishes to avail himself of, should be spread on the record, so as to give the other party an opportunity to rebut it; and they should be disregarded, when relied on only in the arguments or points of counsel, without being contained in the pleadings.

On the merits, we cannot say that the plaintiffs claim ought not to have been allowed. It is true it is established only by one witness; but the amount sued for being under five hundred dollars, one witness is clearly sufficient to sustain the demand; particularly as no evidence has been offered to rebut the testimony, or to lessen the weight or credit to which it is entitled.

*Judgment affirmed.*